RE: SETTLEMENT OF VEHICULAR FORFEITURE CASES
ATTORNEY GENERAL HENRY HAS RECEIVED YOU. LETTER ASKING FOR ADVICE AS TO THE ABILITY OF A DISTRICT ATTORNEY TO SETTLE A VEHICULAR FORFEITURE CASE. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL LETTER.
AS YOU ARE AWARE, THE TERMS OF 63 O.S. 2-503 THROUGH 63 O.S. 2-509 PERMIT THE DISTRICT ATTORNEYS IN THE STATE TO SEIZE AND PROSECUTE FOR FORFEITURE VEHICLES USED IN THE SALE OR TRANSPORTATION OF UNLAWFUL SUBSTANCES AND SEIZED BY COUNTY LAW ENFORCEMENT OFFICIALS. THIS SET OF LAWS RECITES THAT SUCH VEHICLES "SHALL BE SUBJECT TO FORFEITURE". 63 O.S. 2-503(A) (1987). 63 O.S. 2-503(D) OF THIS PROVISION GOES ON TO PROVIDE THAT "EXCEPT AS OTHERWISE PROVIDED IN THIS SUBSECTION, ALL ITEMS FORFEITED IN THIS SECTION SHALL BE FORFEITED UNDER THE PROCEDURES ESTABLISHED IN SECTION 63 O.S. 2-506 OF THIS TITLE".
YOUR INQUIRY ASKS FOR CLARIFICATION OF THESE TERMS, AND FOR ADVICE AS TO WHETHER THE DISTRICT ATTORNEYS IN THE STATE HAVE THE AUTHORITY TO SETTLE ONE OF THESE SEIZURE/FORFEITURE PROCEEDINGS, OR WHETHER ALL OF SAME MUST BE PROSECUTED TO THE FULL COMPLETION OF ALL THE PROCEDURES SET FORTH IN THE LAW, REGARDLESS OF THE CIRCUMSTANCES INVOLVED. IN GENERAL, IT IS MY LEGAL OPINION THAT THE DISTRICT ATTORNEYS DO HAVE SUCH SETTLEMENT AUTHORITY, MUCH AS THEY HAVE THE AUTHORITY TO SETTLE ANY CIVIL MATTER IN THEIR JURISDICTION, OR TO NEGOTIATE A PLEA IN ANY CRIMINAL ACTION UNDER INVESTIGATION OR PROSECUTION.
AS RECENTLY CLARIFIED BY THE SUPREME COURT OF OKLAHOMA, VEHICULAR FORFEITURE ACTIONS IN THIS STATE ARE IN REM ACTIONS OF A CIVIL NATURE, BROUGHT AGAINST THE VEHICLE, ITSELF, AND ARE NOT PART OF ANY CRIMINAL PROSECUTION. STATE EX REL. TURPEN V. 1977 CHEVROLET PICKUP/NO. 62,652 (APRIL 19, 1988), A COPY OF WHICH IS ENCLOSED. THE NEW CODE OF PROFESSIONAL RESPONSIBILITY THAT COMES EFFECTIVE JULY 1, 1988 ALSO CLARIFIES THAT PUBLIC ATTORNEYS HAVE THE ABILITY TO SETTLE MATTERS UNDER THEIR JURISDICTION, EVEN WITHOUT NECESSARILY HAVING THE ACQUIESCENCE OF THEIR CLIENTS IN ALL CASES.
THIS OFFICE HAS ALWAYS TREATED THE LANGUAGE OF TITLE 63 REGARDING VEHICULAR FORFEITURES AS DIRECTORY, RATHER THAN MANDATORY, AND PERMITTING THE PROSECUTING AUTHORITY TO HAVE THE DISCRETION OF DETERMINING WHETHER TO INITIATE FORFEITURE PROCEEDINGS TO BEGIN WITH, AND THEN ALSO AS TO THE CONDITIONS UNDER WHICH SUCH AN ACTION MIGHT BE SETTLED. CERTAINLY, THIS OFFICE HAS SETTLED ANY NUMBER OF SUCH SUITS IN THE PAST WHERE IT WAS NOT BENEFICIAL ON A COST ANALYSIS BASIS TO PROCEED AGAINST A VEHICLE THAT HAD A LARGE LIEN ON IT THAT WAS GREATER THAN ITS REAL VALUE, AND WOULD BE ULTIMATELY RETURNED TO THE LIENHOLDER ANYWAY. HOWEVER, IN THIS VEIN, IT MUST BE REMEMBERED THAT SAFEGUARDS NEED TO BE TAKEN TO SEE THAT A SETTLEMENT DOES NOT RESULT IN A MERRY-GROUND WHERE A RECORD LIENHOLDER THEN IMMEDIATELY GIVE THE VEHICLE BACK TO THE PERSON FROM WHOM IT WAS SEIZED, ONLY TO BE USED FOR DRUG TRANSPORT PURPOSES AGAIN. I SUGGEST THAT YOU CONTACT MS. LESLIE COLLUM AT THE STATE BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL FOR AID IN THIS AREA, AS SHE NOW INSTITUTES ALL OBNDDC SEIZURE/FORFEITURE ACTIONS FOR THE STATE, BY AGREEMENT WITH THIS OFFICE.
(MICHAEL SCOTT FERN)